```
 1              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF MISSOURI
 2                  SOUTHEASTERN DIVISION

 3   UNITED STATES OF AMERICA,

 4          Plaintiff,

 5          vs.              Cause No. 1:18CR98 SNLJ

 6   BARRETT C. SWAN,

 7          Defendant.
     ======================================================
 8                  SENTENCING TRANSCRIPT

 9     BEFORE THE HONORABLE STEPHEN N. LIMBAUGH, JR.
                UNITED STATES DISTRICT JUDGE
10
                      October 28, 2019
11   ======================================================

12                       APPEARANCES

13   For Plaintiff:

14   Mr. Keith D. Sorrell
     Assistant United States Attorneys
15   555 Independence, Room 3000
     Cape Girardeau MO 63703
16
     For Defendant:
17
     Ms. Jennifer L. Booth
18   Assistant Federal Public Defenders
     325 Broadway
19   2nd Floor
     Cape Girardeau MO 63701
20

21
                       Reported by:
22
       Alison M. Garagnani, CCR #475, CSR, RMR, CRR
23                 Official Court Reporter
                United States District Court
24              555 Independence, Room 3100
                  Cape Girardeau, MO 63703
25                    (573) 331-8832
```

1

1                    (THE PROCEEDINGS BEGAN AT 9:29 A.M.)
2       (THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN
3       COURT AND WITH THE DEFENDANT PRESENT:)
4                    THE COURT:  The next case is the
5       United States of America versus Barrett C. Swan.
6       The Case Number is 18-CR-098.
7                    The Government is present by
8       Assistant United States Attorney Keith Sorrell.
9                    Defendant is present in person and
10      by counsel Jennifer Booth.
11                   This matter is set today for
12      sentencing, you having been found guilty by a
13      jury or by a jury trial several weeks ago.
14                   I've received a presentence report
15      from the probation office.  Did you also get a
16      copy of the report?
17                   THE DEFENDANT:  Yes, sir.
18                   THE COURT:  Have you read it and
19      have you gone over it in detail with your lawyer?
20                   THE DEFENDANT:  Gone over -- I've
21      looked at it.  She just gave me another copy
22      today, because it was there was another argument
23      we added, but she just gave it to me just now
24      about another argument.
25                   So we haven't really just sat down

1  and went over it together, but I'm saying I went
2  over it, and she's went over it.  She asked me if
3  I had any questions about it, and that's when I
4  added the thing about arguing about the two
5  points for the gun being stolen.
6              THE COURT:  Okay.   Well --
7              MS. BOOTH:  Sir, to where we are,
8  yes, Mr. Swan, and I have reviewed his
9  presentence investigation report.   This past
10 Friday I filed an additional objection.
11             THE COURT:  Right.
12             MS. BOOTH:  And I believe that's
13 what he's speaking of because the PSR was
14 modified.
15             THE COURT:  Okay.  And that's the
16 only change to it; right?
17             MS. BOOTH:  Yes, sir.   That's the
18 only change.  There is one other minor issue that
19 I'm sure the Government --
20             THE COURT:  Before that I need to
21 make a record.
22             MS. BOOTH:  Yes, sir.
23             THE COURT:  Other than the one minor
24 change have you read the agreement, Mr. Swan?
25             THE DEFENDANT:  Yes, sir.

1                THE COURT:  Except for the one minor
2    change, and that's just to raise another
3    objection; right?
4                THE DEFENDANT:  Except she was going
5    to say another change was authorized.
6                MS. BOOTH:  I was going to talk to
7    him about the August 1st.
8                THE DEFENDANT:  Oh, yeah.  Yeah.  I
9    haven't seen that before either.  But, yeah, I
10   went over it except for the minor change.
11               THE COURT:  So you went over it in
12   detail with your lawyer?
13               THE DEFENDANT:  Yes, sir.
14               THE COURT:  Okay.  So any
15   additions, corrections or objections other than
16   the specific objections that were raised and the
17   factual allegations that were the subject of the
18   trial?  Any other additions, corrections or
19   objections?
20               MS. BOOTH:  Yes, sir.  One
21   additional point, and, again, I don't believe
22   that Mr. Sorrell will object.  On Paragraph 8 on
23   page 3 the paragraph begins, "On August 8th,
24   2018," and it goes on to talk about Barrett's
25   arrest in Florissant, Missouri for gun

1  possession.
2              THE COURT:  Right.
3              MS. BOOTH:  That date should
4  actually be August 1st of 2018.
5              MR. SORRELL:  It should.
6              THE COURT: Yeah.  Okay.  I'm going
7  to make that correction by interlineation if
8  everybody can be in agreement.
9              THE DEFENDANT:  Can I say something?
10             THE COURT:  Yeah.
11             THE DEFENDANT:  I don't understand
12 how from my grand jury indictment all the way to
13 my PSI I'm being tried and convicted on something
14 that's saying that I did something August 8th,
15 and I was locked up August 8th.  I think that's
16 like -- I don't know why we haven't argued it
17 more, but that's -- that's a problem from the
18 grand jury indictment all the way to my PSI
19 nobody has corrected it.   That's a problem.
20             MR. SORRELL:  The date of the
21 offense is not an element of the offense.
22             THE COURT:  That's correct.   The
23 date of the offense is not an element of the
24 offense.
25             THE DEFENDANT:  So it's okay for

1  them to have the date wrong?
2              MR. SORRELL:  It is.  Or the serial
3  number on the gun or the various other things
4  that could be defects it is.
5              THE COURT:  Right.  You don't
6  disagree, do you?
7              MS. BOOTH:  No, sir.  It is not an
8  element of the crime.  And at the trial I believe
9  that the witnesses addressed -- one of the police
10 officers admitted he had -- that the actual
11 arrest date was August 1st, 2018, and that he had
12 indicated the wrong date for whatever reason in
13 his report.  For whatever reason he said he did.
14             THE COURT:  Okay.  The Court then
15 will adopt as its findings of fact the factual
16 statements set out in the presentence report
17 except that I will address the specific
18 objections now.  And I will -- first of all, I
19 know that you're objecting to the evidence in
20 support of the two offenses, and I'll overrule
21 that objection to the extent that there was an
22 objection made.
23             Let's go to the specific objections
24 that you made, and all of them are addressed in
25 the addendum to the presentence report pages 30

1  to 34, and they are objections to Paragraphs 18
2  and 23 and Paragraph 22 and Paragraphs 24, 26, 80
3  and 90, and finally Paragraph 19.
4          All of those objections are
5  overruled.  And, as you appear to concede in
6  your formal objections, all of these objections
7  that have been -- all of the issues in the
8  objections have been addressed by the Eighth
9  Circuit Court of Appeals, and I'm bound by the
10 Eighth Circuit rulings on all of those
11 objections.
12         You don't disagree with that, do
13 you?
14         MS. BOOTH:  No, sir, I do not.
15         MR. SORRELL:  Judge, if I may.
16         THE COURT:  Yeah.
17         MR. SORRELL:  Judge, some of the
18 cases have inferred that the Court should make
19 specific findings as to the Paragraph 22, the
20 perjury or the obstruction of justice
21 enhancement, that the Court should find that the
22 Defendant made false statements.
23         I made a copy of the Eighth
24 Circuit's model instruction for perjury.  I
25 don't know if you want to use that or not or just

1  if you want -- I just wanted to make sure that we
2  had a clean record.
3              THE COURT:  Well, and the Court will
4  make that finding based on the Defendant's
5  testimony in court --
6              MR. SORRELL:  Yes, sir.
7              THE COURT:  -- which was entirely
8  inconsistent with the finding of guilt by the
9  jury.
10             MR. SORRELL:  Yes.  And the
11 Defendant denied possession of the two firearms.
12             THE COURT:  That's right.
13             MR. SORRELL:  Yes.
14             THE COURT:  So, in any event, the
15 Court will also adopt the rationale set out by
16 the probation office in the addendum on pages 30
17 through 34 to each of the objections and each of
18 the paragraphs mentioned.  I think that the -- I
19 think that the probation office got the analysis
20 just right on each of those points.
21             MS. BOOTH:  Your Honor, if I may
22 have just a moment.  Mr. Swan is asking me a
23 question.
24             THE COURT:  Okay.
25             (A discussion was held off the

1  record.)
2              THE COURT:  The Court, therefore,
3  overrules all of the objections, and I'll adopt
4  as the Court's findings all the factual
5  statements set out in the presentence report then
6  along with the analysis contained in the addendum
7  of the objections.
8              I'll review with you specifically
9  those sentencing guidelines calculations.  The
10 Total Offense Level is 33.  The Criminal History
11 Category is VI.
12             The statute provides for 15 years to
13 life on each of Counts 1 and 2.  The guidelines,
14 though, are 235 months to 293 months with a
15 supervised release period on each count from 2 to
16 5 years.  Any objections?
17             MR. SORRELL:  No, Your Honor.
18             THE COURT:  Any other objections?
19             MS. BOOTH:  No, sir.
20             THE COURT:  The Court then will
21 adopt as its additional findings the sentencing
22 guidelines calculations as stated.
23             I've read very closely both the
24 Government's sentencing memorandum and the
25 Defendant's sentencing memorandum, and I'll take

```
 1   all that into consideration.
 2               Do you wish to make a further
 3   recommendation?
 4               MR. SORRELL:  No, Your Honor, just
 5   recommend the bottom of the guideline range of
 6   235 months.
 7               THE COURT:  Okay.  As I mentioned,
 8   I've read your sentencing memorandum, too, along
 9   with all of the letters that were attached to the
10   memorandum, including your letter.  I read that
11   very closely, Mr. Swan.  I'll take all that into
12   consideration too.
13               Before you proceed then -- before
14   when you came in -- Larry Swan and I went to high
15   school together.  That's your adoptive father I
16   guess; right?
17               THE DEFENDANT:  Yeah.
18               THE COURT:  He was -- he reminded me
19   of he was a very good athlete and a very good
20   guy, and apparently he's had a real productive
21   career.  I don't know what happened with your
22   situation, but he comes back every once in a
23   while.  Do you have any contact with him?
24               THE DEFENDANT:  I haven't had any
25   contact with my father in a while.
```

1                THE COURT:  When was the last time?
2    Years ago?
3                THE DEFENDANT:  It's been a while.
4    Years and years.  It's been a while.
5                MS. BOOTH:  Sir, just a moment.
6    Mr. Swan had a question for me.
7                THE COURT:  Okay.
8                (A discussion was held off the
9    record.)
10               MS. BOOTH:  So, sir, yes, Mr. Swan
11   and I understand that you have carefully reviewed
12   the sentencing materials that I have provided for
13   the Court beforehand, which includes my seven
14   page sentencing memorandum.  We are asking the
15   Court to consider 15 years, the minimum of the
16   Armed Career Criminal Act, sufficient for
17   Mr. Swan for several reasons, including the
18   reasons listed in the presentence report,
19   Paragraph 100, for reasons the Court might
20   consider a downward variance is just.
21               But also, Your Honor, the main
22   points that Mr. Swan -- his adult conviction
23   record is completely devoid of any type of
24   violence or aggression.  His adult arrest record
25   is completely devoid of any type of violence or

1  aggression, extremely rare to have that situation
2  with someone who's facing armed career criminal
3  punishment.
4         Also, the drug dealing offenses that
5  are generating his offense status are over
6  13 years old.  And after being punished for those
7  offenses, Mr. Swan never again committed the drug
8  dealing.  So he's not a recidivist drug dealer.
9         So by the letter of the Armed Career
10 Act and the current state of law in the Eighth
11 Circuit he does qualify for that punishment, but
12 I think in the spirit of the law he does not,
13 but, of course, the Court can't sentence him
14 below the 15 years.
15        And, as the Court knows and Mr.
16 Sorrell knows, in the past few years Mr. Sorrell
17 and I have been dealing with armed career
18 criminals who are in prison.  I have filed
19 motions to vacate their sentence because of
20 recent Supreme Court changes in law about that
21 statute.
22        And many of those men per the spirit
23 of the law were actually armed career criminals.
24 And we would all look at their priors and
25 evaluate our legal arguments and realize that

1  just because of technicalities as to how those
2  priors were filed in state law that dictated the
3  priors technically they didn't qualify for armed
4  career criminal punishment when it was obvious
5  from their records that they're very dangerous
6  people, and we don't have that with Mr. Swan.
7           So, Your Honor, for those reasons I
8  ask that you consider 15 years sufficient
9  punishment under the 3553 factors as 15 years in
10 federal prison is a staggering amount of time.
11          THE COURT:  Mr. Swan, I read your
12 letter like I mentioned.  I appreciate what you
13 had to say.  Do you want to say anything else at
14 this time?
15          THE DEFENDANT:  No, sir.
16          THE COURT:  Is there any legal cause
17 or reason why sentence should not now be imposed?
18          MR. SORRELL:  No, Your Honor.
19          MS. BOOTH:  No, sir.
20          THE COURT:  Here's the aggravating
21 problems in your case:  First of all, you're a
22 Criminal History Category VI.  That's the
23 highest.  You're a career offender, armed career
24 criminal either way, and your record reflects
25 that.

1          I'm concerned also about the
2   circumstances of these two offenses in one
3   respect.   Well, two respects.   The first is the
4   high speed chase.   That is really an aggravating
5   problem.   The second is that you got caught on
6   the same offense just a short time after you were
7   arrested for the escapade that crossed the river
8   and then back with the high speed chase.
9          I agree with the jury and the jury's
10  findings on this case that you had to know those
11  guns were there.   I don't understand how you
12  could keep getting yourself in trouble in those
13  respects other than maybe substance abuse,
14  drinking, drugs.   I don't know.
15         Now, I do agree with your lawyer on
16  another thing too, and that is you have this
17  enhanced status, criminal history category
18  status, because of some offenses back some time
19  ago that were what I would consider low level
20  drug dealing.   I don't think there's been a lot
21  of evidence that you've been involved in pounds
22  or kilos of cocaine or methamphetamine.   So I'm
23  going to give you some lenient treatment in that
24  regard.
25         I also appreciate what your mother

1  had to say.  You know, at some point you're
2  going to have to change your ways.  You could
3  have avoided all this trouble, but it's just a
4  sad day.
5              All that said, I'm going to give you
6  lenient treatment in the case.
7              Pursuant to the Sentencing Reform
8  Act of 1984 and the provisions of Title 18,
9  United States Code Section 3553(a) and all the
10 factors thereunder, and also in view of the
11 sentencing objectives of just punishment, general
12 deterrence and incapacitation, and for the
13 reasons stated it's the judgment and sentence of
14 the Court that you, Barrett C. Swan, is hereby
15 committed to the custody of the Bureau of Prisons
16 and by way of downward variance from the
17 sentencing guidelines to be imprisoned for a term
18 of 180 months on the two counts to be served
19 concurrently.  That's the minimum.
20             While you're in the custody of the
21 Bureau of Prisons, I recommend that you be
22 evaluated for participation in the Residential
23 Drug Abuse Program and for mental health
24 treatment and for occupational/educational
25 programs in heating, ventilation and air

```
 1   conditioning.
 2               When you're released, you'll be
 3   placed on supervised release for a term of four
 4   years on each of the counts to be served
 5   concurrently.
 6               And within 72 hours of your release
 7   you have to report in person to the probation
 8   office in the district to which you're released.
 9               You have to comply with the
10   mandatory conditions that have been adopted by
11   this Court, which include you must not commit
12   another federal, state or local crime.
13               You must not unlawfully possess a
14   controlled substance.
15               You must refrain from any unlawful
16   use of a controlled substance and submit to drug
17   testing at the direction of the probation office,
18   and you must cooperate in the collection of DNA
19   as directed by the probation office.
20               You're also subject to the following
21   additional special conditions:  And if it is
22   determined that there are any costs associated
23   with any services provided, you have to pay those
24   costs based on a co-payment fee established by
25   the probation office.
```

1          First, you must participate in a
2     gambling addiction treatment program as directed
3     by the probation office, and you must not engage
4     in any form of gambling, including but not
5     limited to lotteries, online wagering, sports
6     betting, and you must not enter any casino or
7     other establishment where gambling is the primary
8     purpose, including horse racetracks and off track
9     betting establishments.
10         Again, you must participate in a
11    mental health treatment program as directed by
12    the probation office.
13         And, again, you must submit to
14    substance abuse treatment.  You must also submit
15    to a substance abuse treatment program as
16    directed by the probation office.  And you must
17    not use or possess alcohol.
18         Finally, you must submit your
19    person, property, house, residence, vehicle,
20    papers, computers, other electronic
21    communications or data storage devices or media
22    or office to a search conducted by the probation
23    office if there is reasonable suspicion that you
24    have violated a condition of your supervised
25    release and that the areas to be served contain

1 evidence of the violation.
2 The Court finds you do not have the
3 ability to pay a fine, but it is further ordered
4 that you shall pay to the United States a special
5 assessment of $100 on the two counts for a total
6 of $200 that's due immediately.
7 I have to advise you now you have a
8 right to appeal from the sentence, but you have
9 to bring your appeal within 14 days. Failure to
10 appeal within the 14-day period will be a waiver
11 of your right to appeal.
12 You're also entitled to assistance
13 of counsel in taking an appeal. If you cannot
14 afford a lawyer, one will be appointed to
15 represent you.
16 Do you understand you have that
17 right to appeal?
18 THE DEFENDANT: Yes, sir.
19 THE COURT: Is there anything
20 further for the Government then?
21 MR. SORRELL: No, Your Honor.
22 Thank you.
23 THE COURT: For the Defendant?
24 MS. BOOTH: Your Honor, a moment.
25 (A discussion was held off the

1  record.)
2              MS. BOOTH:  No, sir.  That is all.
3              THE COURT:  Mr. Swan, before you
4  leave I've given you lenient treatment in the
5  case.  The Government asked for 235 months.  I
6  gave you the minimum down to 180.  So I think
7  that's enough.
8              I hope that you'll use your time to
9  better yourself.  Take advantage of the substance
10 abuse treatment program -- it's the best in the
11 world -- in the prison system.
12             Get some more education and some
13 more vocational training.  And everybody here
14 hopes that you'll make it this next time.  So
15 good luck to you.
16             Court is adjourned.
17             PROCEEDINGS CONCLUDED AT 9:49  A.M.)
18
19
20
21
22
23
24
25

19

```
 1                  C E R T I F I C A T E

 2

 3              I, Alison M. Garagnani, Registered

 4    Merit Reporter and Certified Realtime Reporter,

 5    hereby certify that I am a duly appointed

 6    Official Court Reporter of the United States

 7    District Court for the Eastern District of

 8    Missouri.

 9              I further certify that the foregoing

10    is a true and accurate transcript of the

11    proceedings held in the above-entitled case and

12    that said transcript is a true and correct

13    transcription of my stenographic notes.

14              I further certify that this

15    transcript contains pages 1 through 20 inclusive

16    and that this reporter takes no responsibility

17    for missing or damaged pages of this transcript

18    when same transcript is copied by any party other

19    than this reporter.

20              Dated Cape Girardeau, Missouri, this

21    13th day of January, 2020.

22

23
      ---------------------------------------------
24    /s/Alison M. Garagnani
      Alison M. Garagnani, CCR, CSR, RMR.
25    Official Court Reporter
```